**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DAVID ALARCON MOLINA, LUIS ALFREDO SANTAMARIA MARTINEZ, and JUAN POBLANO, individually and on behalf of all others similarly situated,

*Plaintiffs*,

-against-

BAGEL RETREAT INC., and SCOTT SPELLMAN.

*Defendants*.

**FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiffs David Alarcon Molina, Luis Alfredo Santamaria Martinez, and Juan Poblano, by and through their undersigned counsel, bring this class action complaint against Defendants Bagel Retreat Inc. and Scott Spellman, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"). Plaintiffs allege as follows:

1. Plaintiffs, individually and on behalf of all others similarly situated, bring this action against Defendants for violations of the Fair Labor Standards Act (“FLSA”), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (“NYLL”), arising out of Defendant’s failure to pay overtime wages, spread-of-hours pay, uniform maintenance pay and provide proper wage notices and statements. Plaintiffs seek to recover all unpaid wages, statutory penalties, liquidated damages, prejudgment interest, and attorneys’ fees and costs.

2. Plaintiffs seek to represent a collective of similarly situated employees under FLSA § 216(b) and a Rule 23 class of similarly situated employees under NYLL, Article 9 of the CPLR, to remedy systemic wage-and-hour violations.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and the FLSA, 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Defendants conducts business within this District, and the events giving rise to these claims occurred therein.

## PARTIES

6. Plaintiff David Alarcon Molina is a resident of New York. Plaintiff was employed by Defendants as a non-exempt hourly employee from November 2023 to the present.

7. Plaintiff Luis Alfredo Santamaria Martinez is a resident of New York. He was employed by Defendants from approximately July 12, 2017, until his termination on or about August 2, 2025.

8. Plaintiff Juan Poblano is a resident of New York. He was employed by Defendants from approximately July 2020 until his termination on or about July 30, 2025.

9. Upon information and belief, Defendants Scott Spellman ("Spellman") is a resident of New York and at all times relevant hereto was acting individually and as an agent of Defendants Bagel Retreat Inc. Spellman is the owner, operator, and controlling person of Bagel Retreat Inc. and exercises substantial control over the day-to-day operations, including but not limited to hiring, firing, scheduling, wage determination, and supervision of employees.

10. Defendants Bagel Retreat Inc. ("Bagel Retreat") is a New York corporation with its principal place of business at 19-09 Utopia Parkway, Whitestone, NY 11357. Defendants

operates a well-known New York City bagel bakery and sandwich shop founded in 1981 called "Utopia Bagels," employing approximately 40 workers in cooking, sandwich preparation, cashier, cleaning, and other non-exempt positions. At all times relevant hereto, Bagel Retreat has been engaged in the business of food service and retail sales.

11. Upon information and belief, Defendants' gross annual revenue exceeds $500,000, and Defendants engage in interstate commerce, including but not limited to: (a) the purchase and sale of goods, materials, and equipment produced outside New York; (b) the use of instrumentalities of interstate commerce such as telephones, mail, and electronic communications; and (c) the acceptance of credit cards and other payment methods that involve interstate transactions, thereby qualifying as an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all times relevant hereto, Defendants Spellman and Bagel Retreat operated as joint employers of Plaintiff and similarly situated employees. Defendants shared control over the terms and conditions of employment, including work schedules, job assignments, rate and method of payment, and maintenance of employment records. Defendants are jointly and severally liable for violations of federal and state wage and hour laws committed in the course of this joint employment relationship.

13. At all times relevant hereto, Defendants had actual and/or constructive knowledge of the wage and hour violations alleged herein and acted willfully in failing to comply with applicable federal and state labor laws.

## STATEMENT OF FACTS

14. Plaintiff alleges the below facts according to their best recollection, they reserve the right to amend these pleadings upon the receipt of discovery materials, including payroll and

employee records, that Defendants are obligated to retain pursuant to the New York Code, Rules and Regulations ("NYCRR").

15. Upon information and belief, the below facts are consistent among Plaintiffs and the Proposed Class.

16. Defendants employed Plaintiffs and other class members as non-exempt, hourly employees in various roles, including cashier, cook, server, baker, and delivery person.

*Plaintiff David Alarcon Molina*

17. Molina was employed by Defendants as a cashier and cook, preparing sandwiches and working the register.

18. Molina's regular schedule was 5:00 a.m. to 3:00 p.m., Wednesday through Monday, six days per week, totaling approximately 60 hours per week.

19. Molina was informed by Defendants at the start of the employment that he would be compensated at a rate of $16.00 per hour for all hours worked.

20. After Molina complained about unpaid overtime compensation in or around June/July 2025, Defendants modified his pay stubs to reflect a few hours of overtime work per week paid at overtime rates. However, the recorded hours remained inaccurate, and Plaintiff was not paid the legally required overtime rate of one and one-half times his regular hourly rate of $19.00 for all overtime hours.

21. Molina was paid weekly, but did not receive pay stubs reflecting all hours worked.

22. Molina regularly worked more than 40 hours per week but was never compensated at the FLSA- and NYLL-required rate of one-and-one-half times his regular hourly rate for all overtime hours.

23. Molina regularly worked shifts exceeding 10 hours per day but was never paid an additional one hour of spread-of-hours pay as required by the NYLL.

24. Molina was required to wear uniforms (shirts and caps with insignia) provided by Defendant. Plaintiff was given three uniforms but was responsible for laundering them himself. Defendants failed to provide uniform maintenance pay as required by the Hospitality Industry Wage Order, 12 N.Y.C.R.R. § 146-1.7.

25. Molina did not receive a wage notice indicating his regular rate of pay or overtime rate of pay as required by NYLL 195.

*Plaintiff Luis Alfredo Santamaria Martinez*

26. Martinez initially worked from 7am to 8:30 pm Tuesday through Sundays. This schedule was regularly consistent from the beginning of Plaintiff's employment until approximately December of 2023.

27. From December of 2023 until the end of this employment, Martinez regularly worked from 9:00 a.m. to 4:00 p.m., Tuesday through Sunday.

28. Martinez was employed by Defendants as a cashier and cook, preparing sandwiches and working the register. The plaintiff was also expected to sweep and clean the store.

29. Approximately in or around 2021, Defendants started to operate a food truck in the tri-state area. They would go wherever they were contracted to work such as in New York City, Upstate New York, Connecticut, New Jersey, and even Pennsylvania.

30. Martinez was part of the food truck team and so he was expected to go work for the food truck whenever Defendants were hired for food truck services.

31. Martinez had similar duties such as prepare sandwiches, take orders from customers, handle the register, and clean the truck.

32. Martinez frequently worked additional hours for a food truck, often resulting in workdays spanning more than ten hours and working on his day off.

33. Martinez was initially informed by Defendants that he would be compensated hourly for all hours worked. However, when Martinez had to work at the food truck his compensation changed. He was paid $150 in cash for the whole day, regardless of the amount of hours he was expected to work for the food truck.

34. Martinez observed that his paystubs did not correctly represent his true pay rate nor his true amount of hours worked in the work week.

35. Martinez would consistently make complaints to Defendants about the lack of overtime pay in Plaintiff's final year of employment with Defendants. Defendants would respond by saying that they do not pay overtime to their employees.

36. On or around June 23, 2025, Defendants Spellman got angry at Plaintiff out of nowhere and spit towards him and insulted at him and yelled at him. Plaintiff stood up to himself and was eventually laid off by Spellman.

*Plaintiff Juan Poblano*

37. Poblano started the employment around July 2020 and the employment ended on or about July 30, 2025.

38. Poblano worked as a baker. He started at $15 per hour and was paid his regular hourly rate for all hours worked. His pay rate went up to $20 per hour for all hours worked in or around January 2024.

39. Poblano was paid the proper overtime rate of one and a half times his regular rate or the minimum wage as required by state and Federal law.

40. Poblano worked various schedules, regularly exceeding eight hours per day and forty hours per week, including shifts that lasted twelve hours or more. Initially he was working from 12pm - 12am, Tuesday through Sunday.

41. After about a year working that schedule, in or around 2021, he began working 2pm-2am, Tuesday and Wednesday, and 2pm-8pm Thursday- Sunday.

42. In or around 2023, Plaintiff's hours were changed to 9am-9/10pm on Tuesday and Wednesday and 9am-7pm Thursday-Sunday.

43. In or around 2024 the schedule became, Tuesdays and Wednesdays 1am-11am, 1am-9am Thursdays and Fridays, and Saturdays and Sundays 12am - 10am.

44. Poblano was paid in cash usually on Sundays. Defendants would also pay Plaintiff late due to his schedule.

45. Poblano never received wage notices or paystubs from Defendants.

## **CLASS ACTION ALLEGATIONS**

### FLSA COLLECTIVE

46. Plaintiffs bring this action as a collective action on behalf of themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act.

47. The proposed FLSA Collective is defined as follows: All current and former hourly employees who worked for Bagel Retreat Inc. at any time during the three (3) years preceding the filing of this action through the date of final judgment, who were not paid overtime compensation at the rate of one and one-half times their regular hourly rate for all hours worked

in excess of forty (40) hours per workweek and/or were not paid the applicable minimum wage for all hours worked.

48. The relevant time period for the FLSA collective claims is three (3) years prior to the filing of this action through the date of final judgment, or August 27, 2022 through final judgment.

49. Plaintiffs and the proposed FLSA Collective members are similarly situated because they: a. Were employed by Defendants in non-exempt positions as cooks, cashiers, bakers, servers, delivery persons, and other hourly workers; b. Were subject to Defendant's common policies, practices, and procedures regarding wage payment; c. Were victims of Defendant's systematic failure to pay overtime compensation at the statutorily required rate; d. Were victims of Defendant's systematic failure to pay minimum wage for all hours worked; e. Were subject to Defendant's uniform practice of failing to maintain accurate records of hours worked and wages paid; f. Suffered similar injuries as a result of Defendant's wage and hour violations.

50. A collective action is appropriate because Plaintiffs and the FLSA Collective members were subjected to Defendant's common decision, policy, or plan that violated the law, and individual lawsuits would be inappropriate due to the relatively small amount of individual damages compared to the expense of individual litigation.

51. Plaintiffs have consented in writing to be parties to this action pursuant to 29 U.S.C. § 216(b).

**RULE 23 CLASS**

52. Plaintiffs bring this action as a class action on behalf of themselves and all others similarly situated pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) with respect to their New York Labor Law claims.

53. The proposed Rule 23 Class is defined as follows: All current and former hourly employees who worked for Bagel Retreat Inc. in New York State at any time during the six (6) years preceding the filing of this action through the date of final judgment, who were not paid: (1) overtime compensation at the rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) hours per workweek; (2) spread-of-hours pay for working more than ten (10) hours in a day; (3) uniform maintenance pay as required by law; and/or (4) who were not provided proper wage notices and wage statements as required by New York Labor Law.

54. The relevant time period for the Rule 23 Class claims is six (6) years prior to the filing of this action through the date of final judgment, or August 27, 2019 through final judgment.

55. Numerosity (Rule 23(a)(1)): The proposed Class consists of approximately 40 current and former employees and potentially dozens more who worked for Defendants during the relevant time period. The exact number and identities of Class members can be determined from Defendant's employment and payroll records. The Class is so numerous that joinder of all members is impracticable.

56. Commonality (Rule 23(a)(2)): There are questions of law and fact common to the Class, including but not limited to: a. Whether Defendants failed to pay Class members overtime compensation at one and one-half times their regular rate for hours worked in excess of 40 per

workweek; b. Whether Defendants failed to pay Class members spread-of-hours pay for working more than 10 hours per day; c. Whether Defendants failed to provide uniform maintenance pay as required by 12 N.Y.C.R.R. § 146-1.7; d. Whether Defendants failed to provide proper wage notices at the time of hiring; e. Whether Defendants failed to provide accurate wage statements with each payment; f. Whether Defendants maintained adequate payroll records; g. Whether Class members are entitled to liquidated damages, civil penalties, and attorneys' fees.

57. Typicality (Rule 23(a)(3)): Plaintiffs' claims are typical of the claims of the Class members. Plaintiffs and all Class members were subjected to the same unlawful policies and practices regarding wage payment, record keeping, and notice requirements.

58. Adequacy (Rule 23(a)(4)): Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have no interests that are antagonistic to those of the Class. Plaintiffs are represented by competent counsel who are experienced in wage and hour class action litigation.

59. Predominance and Superiority (Rule 23(b)(3)): Questions of law and fact common to Class members predominate over any questions affecting only individual members. Common issues include Defendant's policies and practices regarding wage payment, overtime calculation, spread-of-hours pay, uniform maintenance, wage notices, wage statements, and record keeping.

60. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because: a. Individual litigation would be impracticable given the relatively small amount of individual damages compared to the cost of litigation; b. Class treatment will avoid the possibility of inconsistent or varying adjudications; c. Class treatment

will achieve judicial economy; d. No other litigation concerning this controversy has been commenced by Class members; e. The claims are manageable as a class action.

61. Plaintiffs seek certification of the proposed Rule 23 Class and appointment as Class representatives, and seek appointment of their counsel as Class counsel pursuant to Rule 23(g).

## STATEMENT OF CLAIMS

### COUNT I: FLSA – Overtime

***Brought on behalf of Plaintiffs and the Proposed FLSA Collective***

62. Plaintiffs reallege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

63. Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

64. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

65. At all relevant times, Defendants employed Plaintiffs and the Proposed FLSA Collective members within the meaning of the FLSA.

66. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

67. Plaintiffs and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for

in the FLSA. Defendants failed to pay Plaintiffs and the Proposed FLSA Collective members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

68. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Proposed FLSA Collective members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

69. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Proposed FLSA Collective members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiffs and the Proposed FLSA Collective.

70. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

71. Defendants failed to properly disclose or apprise Plaintiffs and the Proposed FLSA Collective members of their rights under the FLSA.

72. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

73. Due to the reckless, willful and unlawful acts of Defendants, Plaintiffs and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

74. Plaintiffs and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II: NYLL – Overtime Pay, Minimum Wage, Spread of Hours Pay and Uniform Maintenance Pay**

***Brought on behalf of Plaintiffs and the Proposed Rule 23 Class***

75. Plaintiffs reallege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

76. Defendants employed Plaintiffs and the Rule 23 Proposed Class members within the meaning of New York Labor Law §§ 2 and 651.

77. Defendants knowingly and willfully violated the rights of Plaintiffs and the Rule 23 Proposed Class members by failing to pay Plaintiffs and the Rule 23 Proposed Class members the applicable required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek and failing to pay Plaintiffs and the Rule 23 Proposed Class members at the minimum wage rate for all hours worked.

78. Plaintiffs and the Proposed Rule 23 Class were and are entitled to receive spread of hours pay of one additional hours' pay at the applicable minimum rate for each hour worked in a given day or workshift in excess of ten hours. Defendants failed to pay Plaintiffs and the Proposed Rule 23 Class members the required spread of hours pay.

79. Defendants required Plaintiff and the Class to maintain uniforms without offering free laundering or providing sufficient uniforms, in violation of 12 N.Y.C.R.R. § 146-1.7.

80. Defendants failed to properly disclose or apprise Plaintiffs and the Rule 23 Proposed Class members of their rights under the New York Labor Law.

81. Defendants failed to furnish Plaintiffs and the Rule 23 Proposed Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

82. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

83. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

84. At the time of their hiring, Defendants failed to notify Plaintiffs and the Rule 23 Proposed Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

85. Due to the Defendants' New York Labor Law violations, Plaintiffs and the Rule 23 Proposed Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime

hours, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

86. Plaintiffs and the Rule 23 Proposed Class members are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

**COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements**

***Brought on behalf of Plaintiffs and the Proposed Rule 23 Class***

87. Plaintiffs reallege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

88. Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs and the members of the Rule 23 Class as their primary language, containing Plaintiffs' and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

89. Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

90. Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

91. Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

92. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

93. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all similarly situated Collective Action Members and Class members, respectfully request that this Court grant the following relief:

i. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly workers in New York State, and of their right to join this lawsuit if they belief they were denied proper wages;

ii. An award for unpaid overtime and minimum wage compensation due under the FLSA and New York Labor Law;

iii. An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

iv. An award of liquidated damages as a result of Defendants' failure to pay overtime, minimum wage, and spread of hours pay compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

vi. An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

vii. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

viii. Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

ix. An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

x. An award of prejudgment and post-judgment interest;

xiii. Such other and further relief as this Court determines to be just and proper.

**JURY DEMAND**

Pursuant to FRCP 38 the Plaintiffs demand trial by jury on all issues.

Dated: New York, NY
September 16, 2025

**LAW OFFICE OF MOHAMMED GANGAT**

Mohammed Gangat, Esq.,
675 Third Avenue, Suite 1810,
New York, NY 10017
718-669-0714
mgangat@gangatpllc.com

*Attorneys for Plaintiffs and the FLSA Proposed Collective and Rule 23 Proposed Class*